UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Therin Tracell Mincy, | ) C/A No. 4:12-00741-TLW-TER |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| Richland County Detention Center; Director Renaldo Myers; Assistant Director Kathryn Harrell; Lt. M. Freely; Sgt. Shawl; Sgt. R. Waters; Officer Lott, | ) Report and Recommendation for Partial Summary Dismissal |
| Defendants. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is detainee at the Alvin S. Glenn Detention Center, alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to a district judge. For the reasons that follow, the undersigned recommends that the following Defendants be dismissed from this case without prejudice and without issuance and service of process: Richland County Detention Center; Director Renaldo Myers; Lt. M. Freely; Sgt. Shawl; Sgt. R. Waters; and Assistant Director Kathryn Harrell. In a separately docketed order, the undersigned has authorized service of the complaint against Defendant Officer Lott.

Factual and Procedural Background

Plaintiff claims that, while being booked into the Richland County Detention Center ("RCDC") on September 20, 2011, he sought medical attention from Defendant Lott for a head injury incurred prior to arrest. ECF No. 1, page 3. Defendant Lott allegedly became angry and

"grabbed [Plaintiff] in a choke hold from behind" until Plaintiff lost consciousness. *Id.* Defendant Lott then placed Plaintiff in a cell without providing any medical attention for his head wound. *Id.* Plaintiff states that he asked "institutional investigators Lt. Freely, Sgt. Shawl, or Sgt. Waters to investigate this matter and provide Officer Lott's name, which they had refused to do." *Id.* at 4. Plaintiff also complains that his attempts to file grievances about the incident have gone unanswered. *Id.* Defendants RCDC, Director Renaldo Myers, and Assistant Director Kathryn Harrell are not discussed in the body of the pleading. Plaintiff's complaint seeks monetary damages and injunctive relief.

On April 19, 2012, Plaintiff filed a document entitled "Motion to Amend," which has been construed as an amended complaint in this case.[1] ECF No. 20. Plaintiff's amended pleading lists the same Defendants as the original complaint, but more specifically details Plaintiff's prayer for relief. *Id.* at 1. Plaintiff seeks injunctive relief in the form of an order preventing the Defendants from obstructing Plaintiff's ability to prosecute this case. *Id.* at 1-2. Plaintiff also seeks monetary damages and an order preventing Defendant Lott from harassing Plaintiff. *Id.* at 2.

Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be

---

[1] Plaintiff may amend the complaint "once as a matter of course," without leave of the Court. *See* Fed. R. Civ. P. 15(a)(1).

made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

## Discussion

To state a claim under 42 U.S.C. §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As an initial matter, Defendant RCDC is not a proper defendant in this case. As indicated above, it is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held

that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf. Roach v. West Virginia Regional Jail and Correctional Facility*, 74 F.3d 46, 48 (4th Cir. 1996). As a facility used primarily to house pretrial detainees, the RCDC is not a "person" amenable to suit under § 1983. Therefore, this Defendant is entitled to summary dismissal from the instant action.

Further, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Cox v. U.S. Attorney General, et al.*, C/A No. 3:12-591-TMC-JRM, 2012 WL 1570110 at *2 (D.S.C. April 10, 2012)*; Howard v. Childs*, C/A No. 3:11-3418-JFA-SVH, 2012 WL 527596 at *4 (D.S.C. Jan. 19, 2012). Because the instant pleadings provide no specific factual allegations against Director Renaldo Myers or Assistant Director Kathryn Harrell, Plaintiff fails to establish personal liability against those two Defendants.

Even if, liberally construed, Plaintiff names Defendants Myers and Harrell in their capacity as supervisors at the RCDC, for supervisory liability cannot rest on the doctrine of respondeat superior, *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir.1999). *See also Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994) (deliberate indifference to conduct that is widespread, or at least has been used

4

on several different occasions." *Shaw*, 13 F.3d at 799 (citing *Slakan v. Porter*, 737 F.2d 368, 373-74 (4th Cir. 1984)). As Plaintiff provides insufficient factual allegations to subject Defendants Myers and Harrell to personal or supervisory liability, they should be summarily dismissed from this case.

Plaintiff next alleges that Defendants Lt. M. Freely, Sgt. Shawl and Sgt. R. Waters failed to properly investigate the alleged assault incident and failed to provide Plaintiff with Officer Lott's name upon request. ECF No. 1 at 4. Plaintiff has not alleged that these Defendants were deliberately indifferent to a risk of harm only a failure to investigate after the fact. Therefore, Plaintiff's claims against Defendants Freely, Shawl, and Waters, for allegedly failing to properly perform their job functions, are also subject to summary dismissal.[2]

Plaintiff further claims that unidentified staff failed to respond to Plaintiff's grievances regarding the alleged assault. However, a prisoner has no constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248 at *2 (4th Cir. March 17, 2011); *see also Blagman v. White*, 112 F. Supp. 2d 534, 542 (W.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Thus, to the extent Plaintiff's allegations regarding his grievances may be attributed to any of the Defendants named in this case, such a claim is likewise subject to summary dismissal.

---

[2] If the allegations are construed as a claim of negligence, the law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987).

Finally, it is noted that the amended complaint asks that the RCDC law librarian be prevented from denying Plaintiff access to the law library and/or from refusing to make Plaintiff legal copies when necessary to timely respond to orders or motions filed in this case. ECF No. 20 at 1-2.[3] However, Plaintiff provides no facts to allege that he has thus far been denied any court access by the librarian or any of the Defendants named in this action.[4] Thus, to the extent Plaintiff's amended complaint may be asserting an access to court claim, it fails to allege a violation of Plaintiff's constitutional rights under § 1983. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)("Specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations.").

## Conclusion

Accordingly, it is recommended that the following Defendants be dismissed from this case *without prejudice* and without issuance and service of process: Richland County Detention Center; Director Renaldo Myers; Lt. M. Freely; Sgt. Shawl; Sgt. R. Waters; and Assistant Director Kathryn Harrell.

IT IS SO RECOMMENDED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 9, 2012
Florence, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] The amended complaint seeks injunctive relief against the "Institutional Law Library Librarian," Mrs. Jarvis. However, Plaintiff did not add Mrs. Jarvis as a defendant in the caption of the amended complaint, nor did he submit service documents for this individual. Therefore, Mrs. Jarvis has not been added to the Court's docket as a defendant in his action.

[4] It is noted that since filing this case, Plaintiff has timely responded to an order of the court, filed a letter with the court, and filed an amended complaint.

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).