UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Therin Tracell Mincy, ) | C/A No. 4:12-00741-MGL-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Richland County Detention Center; ) | |
| Director Renaldo Myers; ) | |
| Assistant Director Kathryn Harrell; ) | |
| Lt. M. Freely; ) | |
| Sgt. Shawl; ) | |
| Sgt. R. Waters; ) | |
| Officer Lott, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's motion entitled "Leave to Amend Complaint." (Doc. # 30). In this motion, Plaintiff requests that he be allowed to amend the complaint to add Vanesa Jarvis and Richland County Political Subdivision as defendants to this action. However, Plaintiff does not provide information to determine why he seeks to add the two additional defendants and does not attach a copy of a proposed amended complaint. This motion (doc. #30) to amend is DENIED.

On July 12, 2012, Plaintiff filed a document entitled "Motion to Amend/ Order Compelling Use of Law Library." (Doc. #51). In this motion, Plaintiff states that he wants to amend his complaint "Specifically the use of the law library here at Alvin S. Glenn Detention Center." (Doc. # 51). Plaintiff appears to be requesting that the court compel the Defendants to allow him use of the law library. Defendants filed a response in opposition on July 30, 2012, arguing that Plaintiff is complaining about the use of the law library which relief he has already requested in his amended

complaint, (doc. #20), and that the motion to amend is not "the proper avenue to seek relief in this instance." (Doc. # 54).

In Plaintiff's first amended complaint filed with the court on April 19, 2012, (doc. #20), Plaintiff requests "injunctive relief through an order of the court preventing the defendants or their co-workers from interfering with my ability to prosecute this lawsuit by denying me access to the law library or refusing to make legal copies of civil cases necessary to perfect this complaint here at this facility." Id. Therefore, it appears Plaintiff has already requested this relief in his first amended complaint.[1] This portion of the motion, motion to compel, or the request to amend his complaint to add this prayer for relief (doc. #51) is DENIED.

As to any request by Plaintiff within his motion to amend (doc. #51) to add "Vanesa Jarvis, Law Librarian," as a defendant asserting she has hindered his access to the law library, the motion is DENIED. Plaintiff has not shown or alleged an actual injury.[2]

---

[1] To the extent Plaintiff is seeking resolution of this issue on the merits, the request is denied as premature.

[2] Prisoners do not have a cause of action under § 1983 for negligent interference by prison officials with their right of access to the courts. (Pink v. Lester, 52 F.3d 73 (4th Cir. 1995), "negligent denial of access to the courts is not actionable under § 1983." ) A prisoner must allege adverse consequence as a basis for allegations that the delay or non delivery deprived him of meaningful access to the courts. White v. White, 886 F.2d 721 (4th Cir. 1989) and Morgan v. Montanye, 516 F.2d 1367 (2d Cir. 1975 ) cert. denied, 424 U.S. 973 (1976). Actual injury must be more than theoretical deficiencies, it is showing that the alleged deficiencies have hindered or are hindering a prisoner's efforts to pursue a legal claim. Lewis v. Casey, 518 U.S.343 (1996). Plaintiff has failed to meet this burden in that he has not alleged or shown that he has suffered any actual injury. Additionally, a district court may deny a party's motion to amend if allowing the amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) ("Absent any dilatory motive, undue cause for delay, repeated failures to cure deficiencies by amendments, futility of amendment, or undue prejudice to the opposing party, leave to amend should be liberally given."); and In re PEC Solutions, Inc. Sec. Litig., 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile.").

On July 26, 2012, Plaintiff filed a motion entitled "Motion Producing Documents, Electronically Stored Information, and Tangible Things or Entering Onto Land for Inspection and Other Purposes." (Doc. # 53). In this motion, Plaintiff appears to be setting forth discovery requests and asking the court to have Defendants respond to the requests. Generally, this court does not enter the discovery process, which is governed by the Federal Rules of Civil Procedure. <u>See</u> Rules 26 through 38, generally. Nonetheless, it appears that Defendants responded to Plaintiff's request. See doc. #65. Therefore, the motion (Doc. #53) is moot.

    IT IS SO ORDERED.

s/Thomas E. Rogers, III
August <u>27</u>, 2012                                           Thomas E. Rogers, III
Florence, South Carolina                  United States Magistrate Judge