UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Therin Tracell Mincy, ) | C/A No. 4:12-00741-MGL-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Richland County Detention Center; ) | |
| Director Renaldo Myers; ) | Report and Recommendation |
| Assistant Director Kathryn Harrell; ) | |
| Lt. M. Freely; ) | |
| Sgt. Shawl; ) | |
| Sgt. R. Waters; ) | |
| Officer Lott, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, proceeding *pro se,* filed this action under 42 U.S.C. § 1983[1] on March 14, 2012, alleging violations of his constitutional rights. At the time of the allegations raised in the complaint, Plaintiff was a pretrial detainee housed at that Alvin S. Glenn Detention Center (ASGDC).[2]

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2]Allegations of deprivations regarding pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987). The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651 (1977) at 671-72.
    A pretrial detainee may not be punished. An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual." Bell v. Wolfish, 441 U.S. 520 (1979). Using the standard set out in that case, a condition must be evaluated on whether or not it was implemented to "punish" the detainee before he was convicted of any crime. Balanced against that concern, however, is the legitimate security concerns of housing a number of persons prior to their trials. If a restriction is imposed for a legitimate, non-punitive purpose, is not excessive to meet its goal, and was not imposed simply to punish the inhabitants of a facility, it will be upheld. Bell, 441 U.S. at 538.

Defendant Officer Lott[3] filed a motion for summary judgment on November 30, 2012, along with a memorandum and exhibits in support of said motion. (Document #81). Because Plaintiff is proceeding pro se, he was advised on or about December 3, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendant's motion for summary judgment could result in the dismissal of his complaint. The Plaintiff filed a response on February 1, 2013, and defendant Lott filed a reply on February 11, 2013. (Docs. # 90 and #91). Plaintiff filed a motion for summary judgment on October 2, 2012, and Defendant Lott filed a response in opposition on October 19, 2012. (Docs. # 73 and #75).

## I.  DISCUSSION

### A.  ARGUMENT OF PARTIES

Plaintiff alleges that while being booked into the Richland County Detention Center ("RCDC") on September 20, 2011, he sought medical attention from Defendant Lott for a head injury incurred prior to arrest. Complaint at 3. Defendant Lott allegedly became angry and "grabbed [Plaintiff] in a choke hold from behind" until Plaintiff lost consciousness. *Id.* Defendant Lott then placed Plaintiff in a cell without providing any medical attention for his head wound. *Id.* Plaintiff states that he asked "institutional investigators Lt. Freely, Sgt. Shawl, or Sgt. Waters to investigate this matter and provide Officer Lott's name, which they had refused to do." *Id.* at 4. Plaintiff's complaint seeks monetary damages and injunctive relief.

---

[3] A report and recommendation was entered in this case on May 9, 2012, recommending that all defendants except Lott be dismissed from this case without prejudice and without issuance and service of process. (Doc.#23).

2

Defendant Lott filed a motion for summary judgment asserting this action should be dismissed due to Plaintiff's failure to exhaust his administrative remedies, qualified immunity, and that Plaintiff has failed to establish a claim that rises to a constitutional deprivation for denial of medical care or excessive force.

## B. STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e);

Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendant has pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and has moved for summary judgment on that basis as well as on the merits of the allegations. Defendant submitted his own affidavit and attached a copy of the Plaintiff's

inmate file to it. Defendant asserts that in Plaintiff's complaint form filed in this action, Plaintiff indicates that he had not received a final agency or departmental answer to the three grievance forms attached to Plaintiff's complaint that Plaintiff alleges he filed on October 3, 2011, November 3, 2011, and December 27, 2011. Defendant further argues that a response was made to Plaintiff's October 3, 2011, grievance, on October 13, 2011.[4] Defendant attached a copy of the October 3, 2011, grievance in which Plaintiff complained that he was not able to see a nurse while in the booking area. At the bottom of said grievance is Captain Redmond's response stating, in part: "[y]ou had to be seen by a medical staff person to be admitted into ASGDC. That person would decide when you were to see another medical staff for treatment...." (Doc. #81-3). At the bottom of this grievance, notice was given that "[i]f not satisfied with the Grievance Officer's response, you may appeal to the Director or designee once by completing the reverse side of this form within 5 calendar days. The Director or designee decision is final." (Id.). There is no evidence Plaintiff appealed this decision. Also, Defendant contends that the grievances Plaintiff alleges he filed on November 3, 2011, and December 27, 2011, are absent from his inmate file. Thus, Defendant argues that Plaintiff has failed to exhaust his administrative remedies and the actions should be dismissed for such.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions

---

[4] Defendant asserts that the copy of the October 3, 2011, grievance Plaintiff attached to his complaint is not the same grievance that he actually filed with the ASGDC.

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though Plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Plaintiff asserts that he filed grievances on November 3, 2011, and December 27, 2011. Plaintiff argues that he filed the three initial grievances but did not receive a response.

Defendants counter that they have no record of these grievances being filed. However, even assuming this creates an issue of fact, Plaintiff fails to show that he exhausted the claims. See Civil Action No. 4:10-0528-RMG-TER[5] (exhaustion at ASGDC requires that an inmate first attempt to informally resolve the issue by bringing it to the attention of the security staff. If an informal resolution is unsuccessful, an inmate must fill out an inmate grievance form and submit it to the

---

[5] This court may take judicial notice of Civil Action No. 4:10-0528-RMG-TER. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

6

detention officers in that inmate's housing area. The grievance will be responded to by the lowest level of the chain-of-command possible, and the staff response is given to th e inmate. If the inmate is not satisfied with the staff response, he may appeal to the staff response to the Assistant Director or her designee to complete the inmate grievance policy).  As to Plaintiff's argument that he did not receive responses to his initial grievances, assuming *arguendo* the Plaintiff filed the grievances as alleged, it is undisputed that he failed to proceed to the necessary additional steps to exhaust his administrative remedies. Even if the Defendants did not respond, the Plaintiff has not alleged he made any effort to file the grievance with another officer or make any other attempts to file for further review. See Jones v. Smith, 266 F.3d 399, 400 (6th Cir.2001) (holding exhaustion required even though plaintiff claimed futility); Wallace v. Prison Health Care Services, Inc., 2008 WL 724823. Therefore, based on the evidence provided, it is recommended that Defendants' motion for summary judgment (doc. #81) be granted for failure to exhaust administrative remedies.[6]

### III.  CONCLUSION

Based on the above reasoning, it is RECOMMENDED that the motion filed by Defendant Lott (document #81) for summary judgment be GRANTED IN ITS ENTIRETY and this action dismissed.

IT IS FURTHER RECOMMENDED that Plaintiff's motion for summary judgment (doc. #73)  be denied.

---

[6] Assuming Plaintiff's § 1983 claim is dismissed by this Court and Plaintiff's complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

8

        Respectfully Submitted,

        s/Thomas E. Rogers, III

May 28, 2013        Thomas E. Rogers, III
Florence, South Carolina        United States Magistrate Judge

**The parties' attention is directed to the important notice on the next page.**