# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Therin Tracell Mincy, ) | Civil Action No.: 4:12-00741 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Richland County Detention Center; Director ) | |
| Renaldo Myers; Assistant Director Kathryn Harrell; ) | **OPINION AND ORDER** |
| Lt. M. Freely; Sgt. Shawl; Sgt. R. Waters; Officer ) | |
| Lott, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Therin Tracell Mincy ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging claims of excessive force and deliberate indifference to his medical needs. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings and a Report and Recommendation ("Report"). Magistrate Judge Rogers issued a Report on May 9, 2012, recommending partial summary dismissal of the following Defendants from this case without issuance and service of process: Richland County Detention Center; Director Renaldo Myers; Lt. M. Freely; Sgt. Shawl; Sgt. R. Waters; and Assistant Director Kathryn Harrell. (ECF No. 23.) In a separately docketed order, the Magistrate Judge authorized service of the complaint against Defendant Officer Lott. (ECF No. 22.) On October 2, 2012, Plaintiff filed a Motion for Summary Judgment. (ECF No. 73.) On November 30, 2012, Defendant Lott moved for summary judgment arguing *inter alia*, that Plaintiff failed to establish a claim that arises to a constitutional deprivation for denial of medical care or excessive force. (ECF No. 81-1.) Defendant Officer Lott also asserted that this action

should be dismissed due to Plaintiff's failure to exhaust his administrative remedies and on the basis of qualified immunity. The Magistrate Judge issued a Report recommending this court grant Defendant Officer Lott's Motion for Summary Judgment and further recommending that Plaintiff's Motion for Summary Judgment be denied. (ECF No. 94.)

On May 30, 2012, Plaintiff filed objections to the Report recommending partial summary dismissal of several of Defendants and a supplement to his objections on June 29, 2012. (ECF Nos. 33 & 47.) On June 17, 2013, Plaintiff filed a Motion to Compel Discovery (ECF No. 99), Motion to Appoint Counsel (ECF No. 100), and a Motion for Injunction to Supersede Change of Venue (ECF No. 101) which are also before this court. On July 3, 2013, Plaintiff filed his objections to the Magistrate Judge's Report concerning his Motion for Summary Judgment and the Motion for Summary Judgment filed by Defendant Officer Lott. (ECF No. 108.) With responses and objections filed, this matter is ripe for the court's review. For the reasons set forth herein, this court adopts the Reports and hereby grants the Motion for Summary Judgment filed by Defendant Officer Lott (ECF No. 81) and denies the Motion for Summary Judgment filed by Plaintiff (ECF No. 73.) The court also dismisses the remaining Defendants from this case without prejudice and without issuance and service of process in accordance with the Magistrate Judge's recommendation. (ECF No. 23.) Thus, this action is hereby dismissed in its entirety.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Reports set forth in detail the relevant facts and standards of law on this matter and the court incorporates them and summarizes below in relevant part. Plaintiff was a pretrial detainee housed at the Alvin S. Glenn Detention Center ("Detention Center") in Richland County, South Carolina. Plaintiff claims that on September 20, 2011, while being

booked into the Detention Center, he informed Defendant Officer Lott that he needed medical attention for a head injury he incurred prior to arrest. (ECF No. 3.) Plaintiff alleges that Defendant Officer Lott got angry and "grabbed [Plaintiff] in a choke hold from behind" and then placed Plaintiff in a cell without providing any medical attention for his head wound. Plaintiff states that he tried to grieve the incident without success several days later and that he also asked "institutional investigators Lt. Freely, Sgt. Shawl, or Sgt. Waters to investigate this matter and provide Officer Lott's name, which they had refused to do." (ECF No. 1 at 4.)

In his complaint, Plaintiff seeks injunctive relief to prevent Defendants and/or co-workers from denying him access to the law library or refusing to make him legal copies; a temporary restraining order preventing Defendant Officer Lott from harassing him; and seeking monetary damages to compensate for the alleged "abusive behavior and corrupt activity." (ECF No. 1 at 5.)

## REPORTS AND RECOMMENDATIONS

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

In his first Report, as an initial matter, the Magistrate Judge noted that Defendant

Detention Center is not a proper defendant in this case as only a person can be sued in a § 1983 action. (ECF No. 23 at 3-4.) Accordingly, the Magistrate Judge found that Defendant Detention Center is entitled to summary dismissal from this action. (ECF No. 23 at 4.) Next, the Magistrate Judge found that Plaintiff failed to provide sufficient factual allegations to subject Defendants Director Renaldo Myers or Assistant Director Kathryn Harrell to personal or supervisory liability and thus, should be summarily dismissed. (ECF No. 23 at 4-5.) The Magistrate Judge then addressed allegations made against Defendants Lt. M. Freely, Sgt. Shaw, and Sgt. Waters and found that Plaintiff did not allege that these Defendants were deliberately indifferent to a risk of harm. (ECF No. 23 at 5.) At most, Plaintiff claimed that these Defendants failed to properly perform their job duties and such a claim is also subject to summary dismissal. (ECF No. 23 at 5.) The Magistrate Judge also acknowledged that Plaintiff does not have a constitutional right to a grievance procedure and that Plaintiff provided no facts to support his allegations that he has been denied any court access by the librarian or any of the named Defendants in this action. (ECF No. 23 at 6.) The Magistrate Judge concluded that to the extent Plaintiff's amended complaint may be asserting an access to court claim, it fails to allege a violation of Plaintiff's constitutional rights under § 1983. (ECF No. 23 at 6.)

In his second Report concerning Defendant Officer Lott (ECF No. 94), the Magistrate Judge recommended that the Motion for Summary Judgment be granted due to Plaintiff's failure to exhaust administrative remedies as required under the Prison Litigation Reform Act ("PLRA") before filing the instant lawsuit. (ECF No. 94 at 6-8.) The Magistrate Judge also recommended any pendent state law claims be dismissed. (ECF No. 94 at 7.)

**ANALYSIS/DISCUSSION**

I. **Recommended Dismissal of Defendants Richland County Detention Center; Director Renaldo Myers; Lt. M. Freely; Sgt. Shawl; Sgt. R. Waters; and Assistant Director Kathryn Harrell.**

After the first Report, Plaintiff filed objections, a motion for enlargement of time, and a motion for leave to amend to add Vanessa Jarvis and Richland County as defendants. (ECF No. 33.) He also filed supplemental objections. (ECF No. 47.)

Concerning Defendant Detention Center, Plaintiff states that although he agrees that the Detention Center is an inanimate object, he disagrees with the Magistrate Judge's conclusion that the Detention Center is not a "person" subject to suit under § 1983 because he claims he was unable to do any legal research to verify the case law cited by the Magistrate Judge. (ECF No. 33-1 at 2.) Based on a purported misunderstanding of the law, Plaintiff claims that he believed that naming the Detention Center would be tantamount to naming Richland County itself, a political subdivision that would not be subject to immunity. (ECF No. 33-1 at 2.) Plaintiff claims he should be allowed to amend his complaint to add the county, thereby saving his complaint. (ECF No. 33-1 at 2-3.)

Plaintiff also objects to the recommended summary dismissal of Defendants Myers and Harrell in light of their power to make and enforce policies, and proposes that Richland County should be added to the complaint or substitute for the dismissal of Defendants Myers and Harrell. (ECF No. 33-1 at 3-4.) Plaintiff also contends that Defendants Myers and Harrell along with Milton Pope, county counsel member, are responsible for the actions of their subordinates and for failing to discipline and train employees, and for failing to institute adequate policies. (ECF No. 33-1 at 4.) Plaintiff also strongly objects to the recommended dismissal of Defendants Freely, Shawl, and Waters for allegedly failing to perform their job functions but Plaintiff gave no specific reasons for this position. (ECF

No.33-1 at 4.)

Finally, Plaintiff objects to the Magistrate Judge's Report noting that he has no constitutional right to a grievance procedure and claims he has a constitutional right under the First Amendment and § 1983 to petition the government for redress of grievances. (ECF No. 33-1 at 4-5.) Plaintiff argues that Defendants should not be allowed to ignore Plaintiff's grievance and the procedural systems put in place to investigate his claims. (ECF No. 33-1 at 5-6.) He notes that he was not obligated to wait indefinitely for a response to a grievance before filing suit. (ECF No. 33-1 at 6-7.) Plaintiff also objects to the Report's recommended disposition of his access to the courts claims because he thought that by naming the other defendants he was addressing the issue and his complaints concerning Vanessa Jarvis. (ECF No. 33-1 at 9.) Plaintiff reiterates his desire to add Jarvis and Richland County as defendants in this matter. (ECF No. 33-1 at 9-10.)

In his supplemental objections to the first Report, Plaintiff reiterates his claims that a policy and custom of deliberate indifference has been established at the Detention Center which he suggests supports his supervisor liability claims against Defendants Myers and Harrell. (ECF No. 47 at 2-4.) He alleges generally that Defendants Freely, Shaw, and Waters have been known to use excessive force and disregard the safety of others at the Detention Center. (ECF No. 47 at 5-7.)

As an initial matter, Plaintiff apparently seeks to amend his complaint to add Jarvis and Richland County political subdivision and discusses this request as part of his objections to the Magistrate Judge's recommendation. (ECF No. 33.) The one-page motion for leave to amend portion was docketed as a separate entry which was ruled upon by the Magistrate Judge. (ECF No. 30.) On August 27, 2012, the Magistrate Judge denied

the motion because Plaintiff did not provide any information as to why he should be granted leave to add the additional defendants and did not attach a copy of the proposed amended complaint.  (ECF No. 66.)  The Magistrate Judge also considered a subsequent motion to amend where Plaintiff appeared to be requesting that the court compel Defendants to allow him use of the law library.  (ECF No. 51.)  The Magistrate Judge denied that motion finding that the requested relief had already been made in an amended complaint and also denied any request within the motion to amend to add Jarvis as a defendant for alleged hindrance of access to the law library because Plaintiff failed to show or allege an actual injury.  (ECF No. 66.)  Accordingly, Plaintiff's requests for leave to amend his complaint to add Vanessa Jarvis and Richland County political subdivision have previously been denied by the court for the reasons set forth by the Magistrate Judge in his August 27, 2012, order.  Because Plaintiff makes a few additional arguments in support of this request by way of his objections, the court will address them here.

A district court may deny a party's motion to amend if allowing the amendment would be futile.  *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile.").  Plaintiff seeks to amend his complaint by adding Richland County and claims that the county has adopted a custom of acting with gross indifference to the conduct of its officers and also has failed to investigate its officers.  (ECF No. 33-1 at 7.)

Although Defendant Richland County is an entity subject to suit under § 1983, see *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978),  generally,"[a] [local government entity's] liability arises only where the constitutionally offensive actions of employees are taken in furtherance of some municipal policy or custom."  *See Walker v. Prince George's*

*Cnty., MD*, 575 F.3d 426, 431 (4th Cir. 2009) (quoting *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir.1984)) (internal quotations omitted). Thus, in order to maintain a claim against Richland County, Plaintiff would need to produce evidence to show not only that his constitutional rights have been violated, but that these violations were the result of Richland County's policies or customs, or flowed from edicts or acts which may fairly be said to represent official county policy. *See Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell v. City of New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). If not a formal policy, a custom or practice must be proven to be so widespread, permanent, well-settled, and pervasive so as to constitute a custom or usage with the force of law. *See Greensboro Professional Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 966 (4th Cir. 1995).

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction in light of the applicable pleading standards. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam). Even when considered under this less stringent standard, Plaintiff's cursory accusations and allegations seemingly suggesting there is a systemically problematic policy, custom, or practice would be insufficient to avoid summary dismissal under 28 U.S.C. § 1915 and additionally lack any factual support. Accordingly, it would be futile to allow Plaintiff to amend his complaint to further assert a cause against Richland County.

The court also finds that the Magistrate Judge fully considered Plaintiff's arguments related to his access to the court's claims in Plaintiff's pleadings and motions before the court. Plaintiff has raised no new arguments in his objections concerning Jarvis's potential liability. As noted by the Magistrate Judge, Plaintiff must demonstrate some actual injury or prejudice caused by the alleged denial of meaningful access to the courts. *Lewis v.*

*Casey*, 518 U.S. 343, 351-52 (1996). An "actual injury" occurs when a prisoner "shows that an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because [the] capability of filing suit has not been provided." *Id.* at 356. As noted by the Fourth Circuit, "a demonstration of inability to present a legal claim is an essential ingredient of a suit such as this . . . ." *Strickler v. Waters*, 989 F.2d 1375, 1385 (4th Cir. 1993). A prisoner cannot rely on conclusory or speculative allegations; instead, he must allege a specific, actual injury resulting from official conduct in order to make a claim that prison officials infringed on his right of access to the courts. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir.1996). The pleadings and objections here fail to provide any factual basis for the allegation that Plaintiff was deprived of meaningful access to the courts or that any of his pending civil actions were prejudiced, or in anyway negatively impacted by any Defendants' alleged conduct.[1]

The court has also considered Plaintiff's objection to the recommended dismissal of Defendant Detention Center. Plaintiff does not contest the Magistrate Judge's conclusion that the Detention Center is an inanimate object. (ECF No. 33-1 at 2.) To state a claim under § 1983, a plaintiff must allege two essential elements: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a *person* acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). A building or other inanimate object, such as the Detention Center, is not a "person" subject to suit under 42 U.S.C. § 1983. *See Harmon*

---

[1] Furthermore, the Fourth Circuit has held that local jails, designed for temporary detainment, are generally not required to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987). "[T]he brevity of confinement does not permit sufficient time for prisoners to petition the courts." *Id.* at 452.

*v. Bryant*, No. 4:12–3417–CMC, 2013 WL 144942, at *2 (D.S.C. Jan. 14, 2013); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Accordingly, despite Plaintiff's objections, Defendant Detention Center is dismissed from this matter without prejudice and without issuance and service of process.

Next, the court takes up Plaintiff's objections as they relate to his claims against Defendants Director Myers and Assistant Director Harrell. Plaintiff objects to the recommended summary dismissal of these Defendants based on his assertion of a theory of supervisory liability, to include failure to train subordinates and failure to institute adequate policies. (ECF No. 33-1 at 4.) Plaintiff also contends that the municipality or county political subdivision should be added to the complaint or substitute for the dismissal of Defendants Myers and Harrell. (ECF No. 33-1 at 3-4.) As the Magistrate Judge noted in liberally construing Plaintiff's complaint, supervisory liability cannot rest on the doctrine of respondeat superior. Thus, generally, in order to succeed on a § 1983 suit against a supervisor, a plaintiff must plead that the official himself, "through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see Denney v. Berkeley Cnty.*, No. 3:10–cv–1383, 2012 WL 3877732, at *6–7 (D.S.C. Sept.5, 2012) (explaining, post- *Iqbal*, § 1983 pleading standard with respect to supervisors). Although Plaintiff has provided some attachments that purport to show that other detainees have brought lawsuits against some or all of the defendants, Plaintiff has not alleged any specific facts against Defendant Myers or Harrell to demonstrate that they were aware of and were deliberately indifferent to a constitutional risk of injury to Plaintiff.

Supervisory officials may be held liable, in some circumstances, for constitutional

injuries inflicted by their subordinates, if certain elements are established. *Shaw v. Stroud*, 13 F.3d 791, 798-799 (4th Cir.1994)("[L]iability is not premised upon respondeat superior but upon 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'")  A plaintiff must show that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *Id.* (internal citations omitted).  Plaintiff generally contends that Defendants failed to adequately train their subordinates, failed to institute adequate policies, and are the final policy makers responsible for the operations of the Detention Center and making disciplinary decisions.  Outside of these allegations, rendered for the first time as objections (ECF Nos. 33-1 & 47), Plaintiff has not alleged any constitutionally culpable action or inaction that caused Plaintiff's alleged injuries.  Plaintiff's complaint and objections do not contain any facts as to Defendants Myers and Harrell to demonstrate that they were aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff or to establish the other elements of a supervisory liability claim.  As a result, Plaintiff fails to state a claim against these Defendants.

As an alternative argument, Plaintiff tries to assert failure to train/supervise claims against Richland County in his efforts to amend the complaint.  Plaintiff also argues that Richland County has a custom of acting with gross indifference as to the conduct of its

officers and allowing abuses to go unpunished and also failed to investigate abuses and check the backgrounds of its employees. (ECF No. 33-1 at 7-8.) The court has already addressed Plaintiff's claims against Richland County raised in his objections and has liberally construed the allegations and accusations in support of his motion to amend the complaint. In addition to finding that Plaintiff has failed to challenge a municipal policy or custom that would support a claim against Richland County and has not provided any facts to demonstrate that he personally has been subjected to any unconstitutional policy or custom, the court also finds that any purported failure to train/supervise claims against Richland County also fail.

Inadequacy of training "may serve as the basis for [municipal] § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom" the municipality's employees come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *see also Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir.2000). "A plaintiff must identify a deficiency in a training program closely related to the injury complained of and must further show that the injury would have been avoided 'under a program that was not deficient in the identified respect.'" *Gordon v. Kida*, 971 F.2d 1087, 1097 (4th Cir. 1992)(quoting *City of Canton*, 489 U.S. at 391). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality-a 'policy as defined by our prior cases-can a [municipality] be liable for such a failure under § 1983.'" *City of Canton*, 489 U.S. at 388. Plaintiff has not stated facts sufficient to support such a claim here. He has not shown any policies or practices to be so widespread and persistent as to practically have the force of law. Again, the court notes that local governments are responsible only for their own illegal acts; § 1983 provides no vicarious liability for their employees' actions.

*Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011).

Next, the court addresses Plaintiff's claims against Defendants Freely, Shaw, and Waters. Plaintiff objects to dismissal of Freely, Shawl, and Waters, but gives no specific reasons for the position. (ECF No. 33-1 at 4; ECF No. 47 at 4.) The Court agrees with the Magistrate Judge's assessment that Plaintiff did not plead facts sufficient to state a claim against these Defendants.

Finally, Plaintiff objected to the Magistrate Judge's Report as it concerned unidentified staff, finding that Plaintiff has no constitutional right to a grievance procedure. Plaintiff claims he has a constitutional right under the First Amendment and § 1983 to petition the government for redress of grievances. (ECF No. 33-1 at 4-5.) The court agrees with the Magistrate Judge's recommendation, particularly as it relates to the allegations brought against these Defendants. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, 417 Fed. Appx. 317, 319 (4th Cir. March 17, 2011) (unpublished decision). The arguments raised in Plaintiff's objections do not change the well-reasoned analysis set forth by the Magistrate Judge.

II. **Recommended Dismissal of Defendant Lott.**

The Magistrate Judge recommends granting Defendant Lott's Motion for Summary Judgment based Plaintiff's failure to exhaust administrative remedies. (ECF No. 94 at 7.) Plaintiff filed objections to the Report (ECF No. 108) claiming that he filed multiple grievances without receiving a response and had followed up with the grievance coordinator regarding the process. (ECF No. 108 at 1.) He claims that there is a "custom of the gray areas in ASGDC grievance procedure policy." (ECF No. 108 at 1). Plaintiff also

reiterates his claim against Defendant Lott for deliberate indifference to his serious medical needs under the Eighth Amendment. (ECF No. 108 at 2-4.)

Other than Plaintiff's asserted claim that he has not yet received a response to his grievances, Plaintiff does not object to the Magistrate Judge's Report recommending his case against Defendant Lott be dismissed for failure to exhaust. The Magistrate Judge fully analyzed the issues related to exhaustion of Plaintiff's administrative remedies. This Court finds no error in the analysis nor does Plaintiff articulate any purported error. In addition to the analysis and discussion provided by the Magistrate Judge, as noted above, Plaintiff has no federal constitutional right to participate in grievance proceedings. Thus, Plaintiff's objection here has no merit. Additionally, Plaintiff did not object to the Magistrate Judge's recommendation that his Motion for Summary Judgment be denied. (ECF No. 73.)

## CONCLUSION

After a careful review of the record, the applicable law, the Reports, and Plaintiff's objections, the court finds the Magistrate Judge's recommendations to be proper. Accordingly, the Reports are adopted and incorporated herein by reference and this action is DISMISSED without prejudice and without service of process as to the following Defendants: Richland County Detention Center; Director Renaldo Myers; Lt. M. Freely; Sgt. Shawl; Sgt. R. Waters; and Assistant Director Kathryn Harrell. The court also GRANTS Defendant Lott's Motion for Summary Judgment and this action is DISMISSED in its entirety. Plaintiff's Motion for Summary Judgment is DENIED as MOOT. Plaintiff's Motion to Compel Discovery (ECF No. 99), Motion to Appoint Counsel (ECF No. 100), and Motion for Injunction to Supersede Change of Venue (ECF No. 101) are also DENIED as MOOT.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
August 6, 2013